ORIGINAL

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Ron.Johnson@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAR 01 2010
at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL LYNN MYERS,<br><br>                Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | CV. NO. 10-00032 SOM-KSC<br>CR. NO. 04-00363 SOM<br><br>ORDER FINDING WAIVER OF<br>ATTORNEY-CLIENT PRIVILEGE<br>WITH RESPECT TO<br>PETITIONER'S MOTION UNDER<br>28 U.S.C. § 2255 TO<br>VACATE, SET ASIDE, OR<br>CORRECT SENTENCE |

ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE
WITH RESPECT TO PETITIONER'S MOTION UNDER 28 U.S.C.
§ 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY

On January 15, 2010, Petitioner Daniel Lynn Myers filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  In his petition, Myers challenges his sentence of imprisonment imposed upon his conviction after a jury trial in February 2006, for a drug trafficking offense.

In his § 2255 motion, Myers claims that he received ineffective assistance from his trial counsel, Lane Takahashi, and his sentencing counsel, Cynthia Kagiwada. In <u>Bittaker v. Woodford</u>, 331 F.3d 715, 716 (9th Cir. 2003), cert. denied, 540 U.S. 1013 (2003), the Ninth Circuit held that "[i]t has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his alleged ineffective lawyer." The Court finds that in making and pursuing this allegation of ineffective assistance of counsel against Mr. Takahashi and Ms. Kagiwada in his present § 2255 motion, Myers has waived the attorney-client privilege that might otherwise apply to the communications between a defendant and his attorney, as to the issues raised within the § 2255 motion, as well as to communications between petitioner and Mr. Takahashi and Ms. Kagiwada reasonably related to such claims.

Accordingly, in order to investigate the ineffective assistance of counsel claims made by Myers in his present § 2255 motion and to reply to such claims, the United States is entitled to inquire into certain communications between Myers and Mr. Takahashi and Ms. Kagiwada which would otherwise be protected by the attorney-client privilege. Consequently, Mr. Takahashi and Mr. Kagiwada should be authorized to provide information to the United States about such attorney-client communications between

Myers and each respective counsel, to the extent such communications involve, or are reasonably related to, the ineffective assistance of counsel claims made by Myers in his § 2255 motion.

    IT IS SO ORDERED.

    DATED:   3/1/2010, at Honolulu, Hawaii.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
United States District Judge